Honorable Henry A. Panethiere State Senator, District 11 Room 424, State Capitol Building Jefferson City, Missouri 65101
Dear Senator Panethiere:
This opinion is in answer to your opinion request asking whether a magistrate judge who was born in 1898 and is therefore over 76 years of age and who is serving a four year term ending December 31, 1978, is eligible to be a candidate for reelection to such office in 1978.
You also ask other questions; however, in view of our answer to your first question, we believe it is unnecessary to respond to such other questions.
Section 476.458, RSMo Supp. 1976, provides:
 "1. Except as otherwise provided in this section, or by any other law, magistrate judges, probate judges, and probate ex officio magistrate judges shall retire at the age of seventy years and may participate, if otherwise eligible, in the retirement plan established by sections 476.515
to 476.570, except that, the provisions of sections 476.458, 478.071, 478.072, 481.205, 482.040, 482.090, 482.150, 482.230, 482.300 to 482.365 and 483.497, RSMo, shall not prevent any person holding the office of magistrate judge, probate judge or probate ex officio magistrate judge, or any person elected or appointed to the office of magistrate judge, probate judge or probate ex officio magistrate judge from holding office during the remainder of the term to which he was elected or appointed.
 "2. Any magistrate judge, probate judge not under the nonpartisan court plan, or probate ex officio magistrate judge who on August 13, 1976, or within six months thereafter, is seventy years of age or older, may petition the commission on retirement, removal and discipline to continue to serve until age seventy-six if he has not completed a total of twelve years of service as a judge. Except as otherwise provided by any other law, any magistrate judge, probate judge not under the nonpartison [sic] court plan, or probate ex officio magistrate judge, who is in office on August 13, 1976, may, within six months before attaining the age of seventy years, petition the commission on retirement, removal, and discipline to be allowed to serve after he has attained that age until age seventy-six or has completed a total of twelve years of service as a judge, whichever shall occur first. If the commission finds the petitioner to be able to perform his duties and approves such service, the petitioner may continue to serve as such a judge until age seventy-six if he has not completed a total of twelve years of service as a judge at such age. No person shall be permitted to serve as such a judge beyond the age of seventy-six years regardless of whether or not he has completed a total of twelve years except for the purpose of completing the term to which he was elected or appointed, as provided in subsection 1 of this section.
 "3. Any magistrate, regardless of age elected in 1976 to fill an unexpired term shall be permitted to complete that term."
We do not quote or discuss the provisions of the amendments to Article V of the Constitution (see RSMo Supp. 1976) because such provisions are not effective until January 2, 1979.
Section 30, Article V of the present Constitution does not require judges who are not under the nonpartisan court plan to retire at 70. Section 476.458 requires magistrate judges to retire at 70 years of age. Clearly, such a magistrate is not subject to mandated retirement before the expiration of his present term because he is allowed to complete his term under the statute. Section 30, Article V of the present Constitution provides that all other members of the judiciary (other than those judges appointed under the provisions of Section 29(a)-(g) of Article V) shall be subject to and participate in such provisions as to retirement as may be provided by law. Therefore, the legislature has the authority to mandate the retirement of such judges.
On the other hand, the judge who is now over 76 years of age would not be eligible to serve a term which commences under Section 482.050, RSMo, on January 1, 1979. Neither the statutory provisions nor the new constitutional provisions relating to the function of the Commission on the Retirement of Judges with respect to the extension of such judge's service are applicable to such a judge who is over 76 years of age.
Thus, under the present circumstances, the judge is required by statute to retire at the end of his term. Clearly, such a judge is not eligible to be a candidate for reelection in 1978 or to serve a term beginning January 1, 1979.
CONCLUSION
It is the opinion of this office that an incumbent magistrate judge who is presently over 76 years of age is required under the provisions of Section 476.458, RSMo Supp. 1976, to retire December 31, 1978, the end of his term.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN ASHCROFT Attorney General